# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11010
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS EARL WRIGHT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-350-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Thomas Earl Wright appeals his conviction following a jury trial on charges of possessing with the intent to distribute five kilograms or more of cocaine and aiding and abetting (Count One); possessing a firearm in furtherance of a drug trafficking crime, namely, possession with the intent to distribute five kilograms or more of cocaine (Count Two); aiding and abetting another in possessing with the intent to distribute marijuana (Count Three);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11010

and being a felon in possession of a firearm (Count Four).  Wright challenges the sufficiency of the evidence to support his convictions.

As Wright acknowledges, he did not move for a judgment of acquittal in the district court, and we thus review challenge to the sufficiency of the evidence for plain error.  *See United States v. Davis*, 690 F.3d 330, 336 n.6 (5th Cir. 2012).  On plain error review, an unpreserved insufficiency claim "will be rejected unless the record is devoid of evidence pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *United States v. Delgado*, 672 F.3d 320, 330–31 (5th Cir. 2012) (en banc) (internal quotation marks and emphasis omitted) (quoting *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007)).  A reversal is warranted only if the evidence was "obviously insufficient" and there was a "manifest miscarriage of justice."  *Id.* (internal quotation marks and emphasis omitted) (quoting *United States v. Pierre*, 958 F.2d 1304, 1311 (5th Cir. 1992)).  We consider the evidence in the light most favorable to the Government, giving the Government the benefit of all reasonable inferences and credibility choices.  *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007).

Wright's sole argument on appeal is that there was insufficient evidence that he actually or constructively possessed the controlled substances or the firearm in question.  "Actual possession is defined as knowingly having direct physical control over a thing at a given time, while constructive possession includes ownership, dominion or control over the contraband, or over the place in which it is contained." *United States v. Burton*, 226 F.3d 643, at *9 (5th Cir. 2000) (unpublished) (internal quotation marks omitted) (quoting *United States v. Ivy*, 973 F.2d 1184, 1188 (5th Cir. 1992), and *United States v. Shabazz*, 993 F .2d 431, 441 (5th Cir. 1993)).  Constructive possession "need not be exclusive" and "may be joint with others." *United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992).

No. 16-11010

After pleading guilty to Count One, Wright's co-defendant, Eric Tyrone Harris, testified against him at trial. Harris provided details about his and Wright's drug operations and stated, "Everything in the house was me and his. Everything illegal in the house was me and his. . . . [T]he illegal activity that occurred at [the house], the contents that were inside the house belonged to me and Thomas Earl Wright. We are responsible for it. We get it from the [supplier], we sell it, we split the profit." Harris also testified that two of the three firearms discovered at the house belonged to Wright, and stated that he had seen Wright carry the handguns when they went to a strip club the night before their arrest.

Although Wright challenges Harris's testimony as uncorroborated and biased, this court has held that sufficient evidence may consist solely of the uncorroborated testimony of an accomplice who, like Harris, is cooperating with the Government in hopes of receiving leniency, as long as the testimony is not "factually insubstantial or incredible." *United States v. Westbrook*, 119 F.3d 1176, 1190 (5th Cir. 1997). We cannot say that Harris's testimony is incredible. Nor is it wholly uncorroborated. The government presented testimony from several police officers, who testified Wright was detained after attempting to leave through the back door of the house after officers responded to a 911 call about drug activity there. The government also presented testimony from a United States Secret Service Special Agent who had been assigned to the Drug Enforcement Agency, where he conducted surveillance of Wright after identifying him as the supplier to a Dallas-area crack dealer. The agent testified that Wright discussed having a pistol with him during some surveilled phone calls.

When considered in the light most favorable to the Government, *McDowell*, 498 F.3d at 312, the record evidence as a whole was not obviously

3

insufficient to support Wright's convictions, *see Delgado*, 672 F.3d at 330–31. The judgment of the district court is therefore AFFIRMED.